NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAMAHL DANIELS,<br><br>Petitioner,<br><br>v.<br><br>DAVID ORTIZ, et al.,<br><br>Respondents. | Civil Action No. 14-7237 (CCC)<br><br>**MEMORANDUM OPINION** |

**CECCHI, District Judge.**

*Pro se* Petitioner Jamahl Daniels, a prisoner confined at the Federal Detention Center in Philadelphia, Pennsylvania, seeks to file the instant Amended Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging a conviction by the State of New Jersey for possession and distribution of a controlled dangerous substance and unlawful possession of a weapon. (ECF No. 5 ("Am. Pet.").) At this time, the Court must screen the Amended Petition in accordance with Rule 4 of the Rules Governing Section 2254 Cases to determine if the Amended Petition should be dismissed because Petitioner is not entitled to relief. The Court dismisses the Amended Petition because (1) Petitioner was not "in custody pursuant to the judgment of a State court" at the time he filed his application for habeas relief; and (2) Petitioner's application for habeas relief is time-barred. Petitioner has also filed a motion to expand the record (ECF No. 8) and an application for the appointment of *pro bono* counsel (ECF No. 9). Because the Court dismisses the Amended Petition, Petitioner's requests for expanding the record and for *pro bono* counsel are denied as moot.

I.  **PROCEDURAL HISTORY**

Petitioner initiated this action by filing his original Petition on November 14, 2014. (ECF No. 1.) Petitioner also included a "Motion and Brief" in support of his original Petition. (ECF No. 1-1 ("Mot. & Br.").) On December 2, 2014, this Court entered an Order administratively terminating this matter because, *inter alia*, Petitioner had not complied with Local Civil Rule 81.2, which requires that *pro se* petitions to this Court for a writ of habeas corpus must be completed on the proper form supplied by the Clerk of the Court. (ECF No. 2.) The Court directed the Clerk of the Court to send Petitioner the proper form and instructed Petitioner that if he wished to proceed with his Petition, he must notify the Court within thirty days and include a complete, signed habeas petition on the appropriate form. (*Id.* at 2.) The Court also informed Petitioner that administrative termination is not a "dismissal" for purposes of the statute of limitations, and that if the case is reopened, it is not subject to the statute of limitations time bar if it was originally filed timely. (*Id.* at 1.) On or about December 12, 2014, Petitioner filed the instant Amended Petition.[1]

On or about February 17, 2015, Petitioner filed a Motion for Expansion of the Record, in which Petitioner asks the Court to order the State to produce documents and transcripts constituting the record of Petitioner's state criminal action. (ECF No. 8.) That same day, Petitioner filed an application for *pro bono* counsel. (ECF No. 9.)

---

[1] In filing the Amended Petition, Petitioner did not resubmit the Motion and Brief in support that he had filed with his original Petition. Nevertheless, the Court will consider Petitioner's Motion and Brief in reviewing the Amended Petition. Ordinarily, an amended pleading supersedes the original; however, where the pleader has specifically incorporated the prior pleading by reference, the earlier pleading retains its legal effect. *See W. Run Student Hous. Assocs., LLC v. Huntington Nat'l Bank*, 712 F.3d 165, 171 (3d Cir. 2013) ("The amended complaint supersedes the original and renders it of no legal effect, unless the amended complaint specifically refers to or adopts the earlier pleading.") (citation and quotations omitted). Here, Petitioner specifically incorporated by reference the Motion and Brief in his Amended Petition. (*See* Am. Pet. at 5, 7, 8, 10.) Therefore, the Motion and Brief remain a part of Petitioner's pleading.

2

## II. DISCUSSION

### A. Custody

A petition for a writ of habeas corpus must be filed "in behalf of a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a). At the time he filed the original Petition in November of 2014, Petitioner was not in custody in New Jersey for the 1997 conviction he seeks to challenge. In fact, Petitioner states that he has already served his sentence for that crime in its entirety. (Mot. & Br. at 33.) Prior to filing his application for habeas relief, Petitioner did not directly appeal or collaterally attack his conviction or sentence.[2] Petitioner presently is in federal custody in Philadelphia, Pennsylvania on "unrelated" federal charges. (*Id.*) Petitioner filed his application for habeas relief challenging his prior New Jersey state conviction because that conviction was used to enhance his federal sentence; Petitioner "is thus attacking his prior conviction in an attempt to reduce his current federal sentencing guideline level." (*Id.*) Petitioner argues that because he is in custody pursuant to his current federal sentence, which was enhanced based on the prior conviction, he is "in custody" and "may challenge the enhancing conviction as constitutionally invalid even though that prior conviction's original custodial term has expired." (*Id.* at 40.) Petitioner is incorrect.

The Supreme Court has interpreted § 2254 as requiring that a habeas petitioner must be "'in custody' under the conviction or sentence under attack at the time his petition is filed" in order to be entitled to habeas relief. *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989). In general, a habeas petitioner may not be considered "'in custody' . . . when the sentence imposed for [a] conviction has fully expired at the time his petition is filed." *Id.* at 491. In *Maleng*, the Supreme Court

---

[2] Petitioner claims that he did not appeal his conviction because his counsel was ineffective and did not file a direct appeal. He has not explained, however, why he has not sought any further relief from the state courts after his conviction and sentencing in 1997.

3

addressed whether a petitioner was "in custody" where the conviction was fully expired but used to enhance a later sentence:

> The question presented by this case is whether a habeas petitioner remains "in custody" under a conviction after the sentence imposed for it has fully expired, merely because of the possibility that the prior conviction will be used to enhance the sentences imposed for any subsequent crimes of which he is convicted. We hold that he does not. While we have very liberally construed the "in custody" requirement for purposes of federal habeas, we have never extended it to the situation where a habeas petitioner suffers no present restraint from a conviction . . . . In this case, of course, the possibility of a sentence upon a subsequent conviction being enhanced because of the prior conviction actually materialized, but we do not think that requires any different conclusion. When the second sentence is imposed, it is pursuant to the second conviction that the petitioner is incarcerated and is therefore "in custody."

*Id.* at 492-93. In that case, the Court ultimately concluded that the petitioner's application could "be read as asserting a challenge to the [later] sentences, as enhanced by the allegedly invalid prior conviction" and found that the petitioner satisfied the "in custody" requirement in order to challenge the later sentences. *Id.* at 493. The Court limited its holding to the narrow issue of "custody," however, and did not determine whether the petitioner could challenge the earlier conviction itself within his attack on the later sentences that the conviction enhanced. *Id.* at 494.

The Supreme Court later addressed similar circumstances in *Lackawanna County District Attorney v. Coss*, 532 U.S. 394 (2001). Citing *Maleng*, the Court in *Coss* found that the petitioner satisfied the "in custody" requirement because his petition had been construed as challenging his later, enhanced sentence. 532 U.S. at 401-02. In addressing the question left open by *Maleng*, however, the Court held that a petitioner may not attack a prior fully expired conviction in a habeas petition directed at a current sentence that the prior conviction served to enhance:

> [O]nce a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid . . . . If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced

4

> sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained.

*Id.* at 403-04. Thus, the Supreme Court has made it clear that a petitioner may not bring a federal habeas petition "directed solely" at prior convictions that have fully expired, *id.* at 401, and that a petitioner may not attack an enhanced sentence based on a claim that the prior conviction was constitutionally deficient, *id.* at 403-04.

Here, Petitioner has raised a direct challenge to his prior, 1997 conviction, which is fully expired. Because Petitioner challenges his New Jersey conviction rather than his current federal sentence under § 2254, the Supreme Court's holding in *Maleng* applies and Petitioner does not satisfy the "in custody" requirement. Petitioner does argue that this Court may construe his habeas application as one challenging his enhanced federal sentence, as was the case in *Maleng* and *Coss*. (Mot. & Br. at 33.) Even if the Court were to construe his application as challenging Petitioner's federal sentence under § 2255, however, Petitioner did not challenge his state conviction prior to the instant application, and the Supreme Court's holding in *Coss* precludes such a claim. *See Gross v. Sniezek*, 396 F. App'x 802, 803 (3d Cir. 2010). Accordingly, the Amended Petition will be dismissed.

### B. Timeliness

The Court also concludes that even if Petitioner could challenge the 1997 conviction, his application is time-barred. Title 28, Section 2244 of the U.S. Code requires that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). In most cases, and in this particular case, the one-year period begins on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Based on the statutory language, the Supreme Court held that even when a

defendant does not file a petition for certiorari with the United States Supreme Court on direct review, the Antiterrorism and Effective Death Penalty Act of 1996's ("AEDPA") one-year limitations period starts to run when the time for seeking such review expires. *Gonzalez v. Thaler*, 132 S. Ct. 641, 653 (2012); *Clay v. United States*, 537 U.S. 522, 532 (2003); *Gibbs v. Goodwin*, No. 09-1046, 2009 WL 1307449, at *2 (D.N.J. May 1, 2009) (citing *Swartz v. Meyers*, 204 F.3d 417, 419 (3d Cir. 2000); *Morris v. Horn*, 187 F.3d 333, 337 n. 1 (3d Cir. 1999)) (holding that the period of direct review "include[s] the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court").

However, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). In other words, while a valid state post-conviction review is pending, the one-year limitations period is tolled. This tolling does not include any petition for writ of certiorari in the United States Supreme Court for review of a denial for post-conviction relief. *Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 85 n.5 (3d Cir. 2013) (citing *Lawrence v. Florida*, 549 U.S. 327, 332 (2007)). Overall, however, "AEDPA's limitation period 'does not set forth an inflexible rule requiring dismissal whenever its clock has run.'" *Id.* at 84-85 (quoting *Holland v. Florida*, 560 U.S. 631, 645 (2010)). Rather, the limitations period is subject to both statutory and equitable tolling. *Id.* at 85.

Here, because Petitioner did not file a direct appeal, Petitioner's conviction became final forty-five days after the date of his sentencing on September 12, 1997,[3] or October 27, 1997. *See*

---

[3] Petitioner presents a discrepancy regarding the date of his conviction. In his originally-filed Petition, Petitioner states that he was convicted on September 12, 1997, after having been "waived up from juvenile jurisdiction to adult jurisdiction on the date of July 18, 1997." (Mot. & Br. at 2.)

6

N.J. Ct. R. 2:4-1(a); *Kapral v. United States*, 166 F.3d 565, 577 (3d Cir. 1999) ("If a defendant does not pursue a timely direct appeal to the court of appeals, his or her conviction and sentence become final, and the statute of limitation begins to run, on the date on which the time for filing such an appeal expired."). Petitioner filed the original Petition in November of 2014, seventeen years after his conviction became final. Petitioner's application is therefore time-barred.

Petitioner argues, however, that AEDPA's one-year statute of limitations does not bar his claim because he is "actually innocent" of the crime for which he was convicted. (*See* Mot. & Br. at 42-46.) The Supreme Court has held that proof of actual innocence may allow a Petitioner to proceed on an otherwise untimely petition for habeas relief:

> [A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar, as it was in *Schlup* [*v. Delo*, 513 U.S. 298 (1995)] and *House* [*v. Bell*, 547 U.S. 518, (2006)], or, as in this case, expiration of the statute of limitations. We caution, however, that tenable actual-innocence gateway pleas are rare: "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Schlup,* 513 U.S., at 329, 115 S.Ct. 851; see *House,* 547 U.S., at 538, 126 S.Ct. 2064 (emphasizing that the *Schlup* standard is "demanding" and seldom met).

*McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013). Here, Petitioner has not claimed that he is, as a factual matter, innocent of the charges against him. *See, e.g., Coleman v. Greene*, 845 F.3d 73, 76 (3d Cir. 2017) (disagreeing with Petitioner's characterizing the actual innocence exception as not requiring factual actual innocence). Moreover, Petitioner has neither cited to nor presented any new evidence that persuades the Court that no juror acting reasonably would have voted to

---

In his Amended Petition, Petitioner lists the date of his conviction and sentence as July 18, 1997. (Am. Pet. at 1.) It appears in fact that Petitioner's plea hearing, in which Petitioner pled guilty to three counts against him, took place on July 18, 1997, (Mot. & Br. at 49), and his sentencing occurred on September 12, 1997. (*Id.* at 61.) In any event, this discrepancy does not alter the Court's conclusion regarding the timeliness of Petitioner's habeas application.

7

find him guilty beyond a reasonable doubt. As such, the Court finds that the "actual innocence" exception does not permit Petitioner to overcome AEDPA's statute of limitations. Accordingly, in addition to the custody deficiency discussed above, the Amended Petition is also dismissed as time-barred.[4]

### C. Certificate of Appealability

Lastly, the Court also denies a certificate of appealability ("COA"). AEDPA provides that an appeal may not be taken to the court of appeals from a final order in a § 2254 proceeding unless a judge issues a COA on the ground that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), the Supreme Court held that:

> [w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

Here, the Court denies a COA pursuant to 28 U.S.C. § 2253(c) because jurists of reason would not find it debatable that dismissal of the Amended Petition is correct.

## III. CONCLUSION

For the reasons discussed above, the Amended Petition is dismissed. An appropriate Order accompanies this Opinion.

---

[4] Ordinarily, in the interest of justice, the Court would permit Petitioner to amend the Amended Petition within thirty days to show why the Amended Petition should be construed as timely. In this case, however, Petitioner has already taken the opportunity to address the issue. Moreover, because the Court also finds that the Amended Petition must be dismissed because Petitioner does not satisfy the "in custody" requirement, and that relief is otherwise unavailable, such an amendment would be futile.

Date: June 1, 2018

_____
**Claire C. Cecchi**
**United States District Judge**